UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LIONEL NORTON HUNTER | CIVIL ACTION |
| VERSUS | NO: 09-2102 |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION: R(2) |

**ORDER AND REASONS**

Before the Court is defendant State Farm Fire and Casualty Company's Motion for Summary Judgment.[1] Because plaintiff Lionel Norton Hunter has not presented evidence that he submitted a proof of loss, the Court GRANTS the motion.

**I. Background**

Plaintiff Lionel Hunter owns property at 2325-2327 Laurel Street in New Orleans, Louisiana, which was insured by a flood policy issued by State Farm. State Farm issued this policy as a participant in the National Flood Insurance Program, under which flood policies are issued and adjusted by private insurers, although the payments ultimately come from the United States treasury. *See generally* 44 C.F.R. § 62.23; *see also Dwyer v. Fidelity Nat. Prop. & Cas. Co.*, 565 F.3d 284, 285 (5th Cir. 2009). Furthermore, the policies are drafted by the Federal

---

[1] R. Doc. 25.

Emergency Management Agency and cannot be altered by the insurance company without governmental approval. 44 C.F.R. §§ 61.4(b), 61.13(d); *see also Dwyer*, 565 F.3d at 285.

Hunter alleges that his property suffered significant flood damage during Hurricane Katrina, and that a State Farm adjustor significantly undervalued these damages.[2] Hunter brought suit against State Farm for failure to pay the full amount of his damages. State Farm now moves for summary judgment, asserting that Hunter did not comply with the mandatory requirements of the flood policy.

## II. Legal Standard

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All

---

[2] R. Doc. 1 at ¶8.

reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure: Civil* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The

3

nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discover and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (citing *Celotex*, 477 U.S. at 332).

**III. Analysis**

The Standard Flood Insurance Policy ("SFIP"), which is the policy drafted by FEMA and issued by private insurers, contains the following provisions:

> **J. Requirements in Case of Loss**
>
> In case of a flood loss to insured property, you must:
>
> 1. Give prompt written notice to us;
>
> 2. As soon as reasonably possible separate the damaged and undamaged property, putting it in the best possible order so that we may examine it;
>
> 3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;
>
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>> a. The date and time of loss;

>           . . .
>
>           f. Specifications of damaged buildings and
>           detailed repair estimates;
>
>           . . .
>
>           i. The inventory of damaged personal property
>           described in J.3 above.
>
>    **R. Suit Against Us**
>
>         You may not sue us to recover money under this
>    policy unless you have complied with all the
>    requirements of the policy.  If you do sue, you must
>    start the suit within one year after the date of the
>    written denial of all or part of the claim, and you
>    must file the suit in the United States District Court
>    of the district in which the covered property was
>    located at the time of loss.  This requirement applies
>    to any claim that you may have under this policy and to
>    any dispute that you may have arising out of the
>    handling of any claim under the policy.

44 C.F.R. Pt. 61, App. A(1).  Courts interpret and enforce the SFIP provisions strictly.  *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998); *Foman v. Fed'l Emergency Mgmt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998).  Therefore, "an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Gowland*, 143 F.3d at 954; *see also Marseilles Homeowners Condo. Ass'n, Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008) (per curiam).

On August 31, 2005, after Hurricane Katrina, the Acting Federal Administrator extended to one year the deadline from

5

section J(4) of the SFIP requiring an insured to submit a sworn proof of loss within sixty days of the loss.[3] During this period, FEMA waived the usual proof-of-loss requirement if the policy holder agreed to the report of the insurer's adjuster. This extension, however, did not affect the requirement that the insured submit a sworn proof-of-loss if he "'disagree[d] with the insurer's adjustment, settlement, or payment of the claim.'" *Marseilles*, 542 F.3d at 1057 (quoting FEMA Memo). Thus, when the insured disputes the report of the insurer's adjuster, the insured must submit a sworn proof of loss within one year of the date of the loss, or the insured is foreclosed from suing under the policy. *Marseilles*, 542 F.3d at 1056-58; *see also Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 Fed. App'x 295, 298-99 (5th Cir. 2008) (per curiam).

Here, Hunter's claim appears to have fallen within the post-Katrina period in which the Federal Insurance Administrator extended the 60-day deadline in section J(4) and Hunter disputes the amount State Farm paid for flood damage to his property.[4] Thus, Hunter must have submitted a sworn proof of loss statement in order to file a lawsuit under his SFIP. State Farm contends that Hunter has failed to meet the proof-of-loss requirements of

---

[3] *See* R. Doc. 25-3 (copy of August 31, 2005 memo of Acting Federal Insurance Administrator David Maurstad).

[4] R. Doc. 25-4 (affidavit of Grover Gail Brashier).

the SFIP. Specifically, it provides an affidavit from a State Farm Claims Team Manager and custodian of Hunter's claims file. This affidavit states that Hunter has not provided State Farm with a proof of loss, nor has he submitted any documentation to indicate that the government waived their obligation to submit a proof of loss.[5]

Hunter filed a response to this motion, but he pointed to no evidence that might raise a genuine issue of material fact about the accuracy of these statements.[6] Instead, Hunter argues that State Farm could grant a waiver of the proof of loss requirement, thus creating a genuine issue of material fact.[7] This argument lacks merit for two reasons. First, Hunter does not allege that State Farm granted a waiver. Second, State Farm cannot waive any requirements of the SFIP without express written consent of the Federal Insurance Administrator, which did not occur. 44 C.F.R. § 61, app. A(2), art. VII(D). The Ninth Circuit case Hunter cites in support of his argument is not precedential and in contradiction to Fifth Circuit case law. In particular, in *Marseilles Homeowners Condo. Ass'n, Inc.*, the Fifth Circuit held that it is the insured's duty to timely submit a signed and sworn proof of loss, and that FEMA cannot be estopped from insisting on

---

[5]   *See* R. Doc. 25-4 (affidavit of Grover Gail Brashier).

[6]   R. Doc. 26.

[7]   *Id.* at 4.

7

a proof of loss because of action by its private insurer. *See Marseilles*, 542 F.3d 1053. Finally, the Fifth Circuit has rejected Hunter's argument that he has suffered constitutional injuries absent a finding of waiver or satisfaction of the proof of loss requirement. *See Wienjtes*, 2009 WL 2391407 at *3; *see also Dupuy v. Fid. Nat'l Prop. & Cas. Ins. Co.*, No. 07-4661, 2009 WL 82555, at *3 n.5 (E.D. La. Jan. 12, 2009; *Howell v. State Farm Ins. Cos.*, 540 F. Supp. 2d 6621, 633 (D. Md. 2009); *Schumitzki v. Dir., FEMA,* 656 F. Supp. 430, 433 (D.N.J. 1987). Accordingly, the uncontested facts indicate that Hunter did not submit a sworn proof of loss in accordance with the SFIP, and State Farm is entitled to summary judgment. *See Kidd v. State Farm Fire & Cas. Co.*, 392 Fed. Appx. 241, 243-45 (5th Cir. 2010).

**IV. Conclusion**

For the foregoing reason, State Farm's motion for summary judgment is GRANTED.

New Orleans, Louisiana, this __3rd__ day of August, 2012.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE